## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:19-cr-20626-NGE-DRG** |
| **Plaintiff,** | **Honorable Nancy G. Edmunds**<br>**United States District Court Judge** |
| **v.** | |
| **EMANUELE PALMA,** | **Honorable David R. Grand**<br>**United States Magistrate Judge** |
| **Defendant.** | |
| _____/ | |

## NON-PARTY CALIFORNIA AIR RESOURCES BOARD'S MOTION TO QUASH RULE 17(c) SUBPOENA *DUCES TECUM* RETURNABLE <u>BEFORE TRIAL</u>

The California Air Resources Board ("CARB") moves this Honorable Court to quash the United States' subpoena seeking CARB's privileged documents in its entirety, or modify the subpoena so as to: (a) not require CARB to produce privileged documents; and (b) not require CARB to produce documents subject to a preexisting protective order by the United States District Court for the Northern District of California unless a party seeking such documents first obtains relief from the Northern District of California.

1

CARB, which is not a party to this criminal prosecution brought by the United States against Emanuele Palma ("Defendant"), makes an appearance in this Court only to request that the Court grant the instant motion.

As explained in the supporting brief, CARB requests that the Court quash or modify the subpoena on the grounds that: (1) the subpoena seeks irrelevant, inadmissible material and lacks the requisite specificity; (2) the subpoena seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and the law enforcement privilege; (3) the subpoena seeks documents subject to a preexisting protective order by the United States District Court for the Northern District of California that forbids disclosure; and (4) the United States lacked good cause to seek the subpoena.

This motion is based on the supporting brief, the declaration of Deputy Attorney General Allan Ono and the exhibits attached thereto, and such evidence and arguments as may be presented prior to and at a hearing on this motion.

Pursuant to Local Rule 7.1(a), on October 21, 2022, CARB requested the United States' position on this motion.  The United States responded that it opposes the motion.

2

Dated:  October 22, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California

/s/ *Dylan K. Johnson*
DYLAN K. JOHNSON
Deputy Attorney General
CA SBN 280858
600 West Broadway
San Diego, California  92101
(619) 738-9335
Dylan.Johnson@doj.ca.gov

*Attorneys for California Air
Resources Board*

3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:19-cr-20626-NGE-DRG** |
| **Plaintiff,** | **Honorable Nancy G. Edmunds**<br>**United States District Court Judge** |
| **v.** | |
| **EMANUELE PALMA,** | **Honorable David R. Grand**<br>**United States Magistrate Judge** |
| **Defendant.** | |

# NON-PARTY CALIFORNIA AIR RESOURCES BOARD'S BRIEF IN SUPPORT OF MOTION TO QUASH RULE 17(c) SUBPOENA *DUCES TECUM* RETURNABLE <u>BEFORE TRIAL</u>

1

## <u>ISSUE PRESENTED</u>

Whether the Court should quash or modify the United States' subpoena on the grounds that: (1) the subpoena seeks irrelevant, inadmissible material and lacks the requisite specificity; (2) the subpoena seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and the law enforcement privilege; (3) the subpoena seeks documents subject to a preexisting protective order by the United States District Court for the Northern District of California that forbids disclosure; and (4) the United States lacked good cause to seek the subpoena.

## STATEMENT OF AUTHORITY

The most relevant authorities for the relief requested are:

1. *United States v. Nixon*, 418 U.S. 683, 698 (1974), which provides that a party seeking enforcement of a criminal subpoena must show that the documents are relevant and admissible, and that the request does not constitute a "fishing expedition";

2. *United States v. Lang*, 766 F. Supp. 389, 402 (D. Md. 1991), which provides that a "subpoena duces tecum should be quashed when it calls for privileged matter";

3. *Fisher v. United States*, 425 U.S. 391,403 (1976), which provides that the attorney-client privilege shields from disclosure confidential communications made by a client to an attorney in order to obtain legal assistance;

4. *Admiral Ins. Co. v. 13 US. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989), which provides that the work product doctrine establishes a qualified immunity for documents within its ambit;

5. *United States v. Pirosko*, 787 F.3d 358, 365 (6th Cir. 2015), which provides for protection of documents subject to the law enforcement privilege.

3

6. The United States District Court for the Northern District of California's order in *In re: Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, And Products Liability Litigation*, Case No. 3:17-md-02777-EMC, which prohibits the parties to that litigation, including CARB, from disclosing certain documents to non-parties.

## INTRODUCTION

The California Air Resources Board ("CARB") moves this Honorable Court to quash or modify a Rule 17(c) subpoena *duces tecum* served by the United States seeking the production  of every document identified in an earlier produced CARB privilege log.  CARB, which is not a party to this criminal prosecution brought by the United States against Emanuele Palma ("Defendant"), makes an appearance in this Court only to request that the Court grant the instant motion.

## FACTUAL BACKGROUND

CARB has already voluntarily provided the United States with more than 16,700 pages of documents, and produced a privilege log (Decl. of Allan Ono, Ex. 1) listing 1,378 documents that CARB has either since voluntarily produced with redactions (approximately 20% of log) or withheld entirely (approximately 80% of log) because they are subject to one or more privileges or subject to an order of the Northern District of California prohibiting CARB from releasing them.  Decl. of Allan Ono, Ex. 4.

The United States has not contested CARB's privilege assertions, but nonetheless served a Federal Rules of Criminal Procedure, Rule 17(c) trial subpoena on CARB for production of "[a]ny and all documents" on CARB's privilege log (Subpoena), "including:

    a.  Unredacted copies of all previously logged CARB materials produced by CARB to the United States on October 11, 2022;

    b.  All previously logged CARB materials that were obtained pursuant to authority provided in California Government Code section 11180 et seq.;

    c.  All previously logged CARB materials that were withheld in whole or in part on the basis of protective order(s) entered in other proceedings, including in the United States District Court for the Northern District of California; and

    d.  Any other category of previously logged CARB materials."

ECF No. 166-1.

Even though no trial date is presently scheduled, the United States sought and obtained an early return date of October 24, 2022—just eight business days after the Subpoena issued. *Id.*; see also ECF No. 168.  CARB requests that this Court:

(1) quash the Subpoena in its entirety; or

(2) modify the Subpoena so as to:

    (a) not require CARB to produce privileged documents; and

    (b) not require CARB to produce documents subject to the Northern District of California's protective order unless a party seeking such documents first obtains relief from the Northern District of California.

## LEGAL STANDARD

The United States sought the Subpoena pursuant to Federal Rule of Criminal

Procedure 17(c), which governs subpoenas duces tecum in criminal cases.  The

rule "is not as broad as its plain language suggests" and "is more narrow in scope

than the corollary rules of civil procedure, which permit broad discovery."  *United*

*States v. Reyes*, 239 F.R.D. 591, 597 (N.D. Cal. 2006); *see also United States v.*

*Llanez-Garcia*, 735 F.3d 483, 494 (6th Cir. 2013); *United States v. Peterson*, No.

20-20448, 2022 WL 9914428, at *2 (E.D. Mich. Oct. 17, 2022).

The Supreme Court has held that Rule 17 subpoenas are not intended to

provide a means of discovery for criminal defendants.  *United States v. Nixon*, 418

U.S. 683, 698 (1974).  Rather, they serve to expedite trial by permitting the

inspection of documents before they are admitted at trial.  *Id.* at 698–699.  A party

seeking enforcement of a criminal subpoena must show that:  (1) the documents

sought are evidentiary and relevant; (2) the documents could not otherwise be

obtained reasonably in advance of trial through the exercise of due diligence; (3)

the party would be unable to prepare properly for trial in the absence of the

documents; and (4) the application for the subpoena is made in good faith, and is

not intended as a "fishing expedition."  *Id.* at 699–700; *see also United States v.*

*Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (relying on *United States v. Nixon*).

Therefore, the party seeking to issue or enforce a Rule 17(c) subpoena must

7

demonstrate the relevancy, admissibility, and specificity of its request.  *Nixon*, 418

U.S. at 700; *see also United States v. Skilling*, No. CRIM. H-04-025, 2006 WL

1006622 (S.D. Tex. 2006) (party on whose behalf the subpoena is issued "bear[s]

the burden of showing that the documents they seek are specifically identified,

relevant to the charges being prosecuted against the defendants, and are admissible

as evidence in [the] case").

 A party who receives a Rule 17 subpoena may move for an order modifying

or quashing the subpoena "if compliance would be unreasonable or oppressive."

Fed. R. Crim. P. 17(c)(2).  In considering a motion to quash a criminal subpoena,

the Court "initially must determine whether the subpoena complies with Rule

17(c), and if so, whether the materials identified therein are privileged."  *Reyes*,

239 F.R.D. at 597; *see also In re Horn*, 976 F.2d 1314,1315–18 (9th Cir. 1992)

(reversing denial of motion to quash under Rule 17(c) and ordering entry of an

order quashing the subpoena seeking privileged material).

## ARGUMENT

 The United States admits that it seeks these documents solely to "process the

CARB materials for production to the Defendant."  ECF No. 166, p. 1.  Given that

the United States is simply standing in the shoes of the Defendant to seek

documents he has chosen not to subpoena, the United States must satisfy the same

high bar applicable to Defendant if he had subpoenaed CARB.

This unreasonable and oppressive subpoena must be quashed or modified for four alternative reasons: (1) the subpoena seeks irrelevant, inadmissible material and lacks the requisite specificity; (2) the subpoena seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and the law enforcement privilege; (3) the subpoena seeks documents subject to a preexisting protective order by the United States District Court for the Northern District of California that forbids disclosure; or (4) the United States lacked good cause to seek the subpoena.

## I.    THE SUBPOENA IS OVERBROAD AND SEEKS INADMISSIBLE DOCUMENTS THAT THE UNITED STATES DOES NOT EVEN ATTEMPT TO SHOW ARE RELEVANT.

Rule 17 "was not intended to provide a means of discovery for criminal cases." *Nixon*, 418 U.S. at 698.  Rather, Rule 17 was intended to expedite criminal trials by providing a mechanism for production of specific evidence admissible at trial.  Thus, Rule 17 subpoenas must be specific and cannot be used to engage in a general "fishing expedition." *Id.* at 698–99.  But, that is precisely what the United States' subpoena is—a general "fishing expedition" seeking extremely broad discovery.

First, by seeking "any and all documents" CARB withheld from its response to the United States' earlier informal request for documents, the subpoena is vastly overbroad and lacks the requisite specificity.  Courts routinely hold that such an

overbroad subpoena is improper under Rule 17(c). *See, e.g., Reyes*, 239 F.R.D. at 606 ("A demand for 'any and all documents relating to several categories of subject matter . . . rather than specific evidentiary items,' suggests the subpoena's proponent 'seeks to obtain information helpful to the defense by examining large quantities of documents, rather than to use Rule 17 for its intended purpose—to secure the production for a court proceeding of specific admissible evidence.'") (quoting *United States v. Louis*, 23 No. 04 CR 203 (LTS), 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005)); *United States v. Booth*, No. 2:08-cr-00283-RCJ-RJJ, 2011 WL 6139062, at *2 (D. 25 Nev. Dec. 9, 2011) ("The best clue as to the intent to 'fish' is the repeated use of the words 'any,' 'all,' and 'any and all' . . . ."). Nor is it sufficient to gesture to hundreds of documents on a privilege log, as the specificity and relevance components of Rule 17(c) "require more than the title of a document and conjecture as to its contents." *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992) (holding Rule 17 subpoenas of Internal Revenue Service's records sought in money laundering case should be quashed); *United States v. Hardy*, 224 F.3d 752, 755-56 (8th Cir. 2000) (holding Rule 17(c) subpoena should be quashed where party stated why he needed certain tapes but could not "set forth what the subpoenaed materials contain").

Second, the United States cannot make the requisite showing that the documents sought are both relevant and admissible at trial. *Reyes*, 239 F.R.D. at

10

600 (holding that party seeking Rule 17(c) must show that documents sought would be admissible at trial).  That is because the documents are classic "hearsay" for which the United States does not even attempt to identify an exception and so, "as a matter of law the materials may not be obtained at this time by a Rule 17(c) subpoena." *United States v. Cuthbertson*, 651 F.2d 189, 195 (3d Cir. 1981); *United States v. Cherry*, 876 F. Supp. 547, 552–553 (S.D.N.Y. 1995) (collecting numerous cases holding that, "in order to be procurable by means of a Rule 17(c) subpoena, materials must themselves be admissible evidence"); *United States v. Walters*, 558 F. Supp. 726, 728 (D. Md. 1980) (Rule 17(c) can only be used to obtain materials which may be used as evidence at trial).

Instead, the United States seeks to review a broad collection of documents in the hope of finding something relevant and admissible.  But, Rule 17 requires much more.  Because "Rule 17(c) requires a showing that the materials sought are currently admissible in evidence; it cannot be used as a device to gain understanding or explanation." *United States v. Rich*, No. S 83 Cr. 579, 1984 WL 845, at *3 (S.D.N.Y. Sept. 7, 1984).  The United States must explain how the particular documents are relevant and admissible.  See *Nixon*, 418 U.S. at 700 (explaining that the party seeking to enforce subpoena for tapes of recorded conversations met its burden by offering sworn testimony of participants in the conversations).  The United States has not done so here.  Nor can it do so now, as

the United States itself has cited the abovementioned authorities to *oppose* defendants' subpoenas of non-parties in prior criminal matters in the Eastern District of Michigan.  Decl. of Allan Ono, Ex. 2.

## II.   THE SUBPOENA SEEKS PRIVILEGED MATERIALS.

On its face, the subpoena expressly seeks documents protected by the attorney-client privilege, the work-product doctrine, and the law enforcement privilege.  The United States' motion seeking this Subpoena (ECF No. 166) acknowledges that, precisely because these documents are protected by attorney-client and work-product privileges, CARB provided a privilege log identifying the privileges protecting each document.  Decl. of Allan Ono, Ex. 1.  The United States has never contested CARB's assertion of those privileges.  Rather, the United States' position appears to be that CARB must produce those documents despite the fact that they are privileged.  That is contrary to black letter law, which provides that a "subpoena *duces tecum* should be quashed when it calls for privileged matter." *United States v. Lang*, 766 F. Supp. 389, 402 (D. Md. 1991) (quashing Rule 17(c) subpoena).  It is also contrary to the position the United States itself has taken in prior criminal matters in the Eastern District of Michigan when *opposing* defendants' subpoenas of a non-party's documents where the non-party has asserted attorney-client and attorney work product privileges.  Decl. of Allan Ono, Ex. 2.

It is well-settled that the attorney-client privilege shields from disclosure confidential communications made by a client to an attorney in order to obtain legal assistance.  *Fisher v. United States*, 425 U.S. 391, 403 (1976); *Chore-Time Equipment, Inc. v. Big Dutchman, Inc.*, 255 F. Supp. 1020, 1021 (W.D. Mich. 1966) (the purposes of the attorney-client privilege are "so sacred and so compellingly important that the courts must, within their limits, guard it jealously").  Similarly, the work-product privilege safeguards "written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties."  *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

Like the attorney-client privilege, the work-product doctrine also applies in criminal cases.  *See United States v. Nobles*, 422 U.S. 225, 238 (1975) ("Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital.").  The Supreme Court has repeatedly reaffirmed the "strong public policy" underlying the work product privilege, holding that "the interests of the clients and the cause of justice would be poorly served" if attorney work product could be disclosed.  *Upjohn Co. v. United States*, 449 U.S. 383, 397–98 (1981) (internal quotation omitted).

A party seeking to obtain attorney work product accordingly bears a heavy burden. *See Admiral Ins. Co. v. 13 US. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989) (holding the work product doctrine establishes a qualified immunity for documents within its ambit that may be overcome only upon a showing of necessity or good cause).  Moreover, attorney-client privilege "appl[ies] with 'special force' in the government context since the policies underlying the privilege particularly favor encouraging government officials formulating policies in the public's interest to consult with counsel in conducting that public business." *Guidiville Rancheria of California v. United States*, No. 12-CV-1326 YGR, 2013 WL 6571945, at *2 (N.D. Cal. Dec. 13, 2013); *Modesto Irrigation Dist. v. Gutierrez,* No. 1:06–CV00453 OWWDLB, 2007 WL 763370, at *13 (E.D.Cal. Mar. 9, 2007).  Accordingly, courts frequently protect a government agency's communications, reasoning that "shielding privileged communications from disclosure [is] desirable because the frank discussion of legal or policy matters in writing might be inhibited if the discussion were made public, with the consequence that the quality of an agency's decisions and policies would be the poorer as a result." *Rojas v. FAA*, 989 F.3d 666, 673 (9th Cir. 2021) (quotation marks omitted).

"[O]pinion work product," which consists of "mental impressions, conclusions, opinions, or legal theories" of counsel, is subject to an even higher

degree of protection.  *See SEC v. Schroeder*, No. 07-CV-03798-JW, 2009 WL

1125579, at *6 (N.D. Cal. Apr. 27, 2009); *Upjohn*, 449 U.S. at 400 (stating that

even when the circumstances call for disclosure of underlying facts within the

work product, "the court shall protect against disclosure of the mental impressions,

conclusions, opinions or legal theories of an attorney or other representative of a

party concerning the litigation").  Opinion work product is subject to subpoena

only where it is "*at issue* in a case and the need for the material is compelling."

*Holmgren v. State Farm Mut. Auto Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

Courts regularly quash subpoenas containing requests for attorney work

product documents in criminal cases.  *See, e.g., United States v. Tomison*, 969 F.

Supp. 587, 598  (E.D. Cal. 1997) (quashing Rule 17(c) subpoena which sought

attorneys' notes); *United States v. Alejandro*, No. 2:16-CR-0833-CAS, 2017 WL

2056019, at *5 (C.D. Cal. May 8, 2017) (quashing Rule 17(c) subpoena which

sought attorneys' notes); *United States v. Stringer*, No. 03-CR-432-HA, 2005 WL

8167057, at *4 (D. Or. Mar. 4, 2005) (quashing Rule 17(c) subpoena which sought

attorney work product related to the SEC's investigation of defendants); *Lang*, 766

F. Supp. at 402–04 (ordering documents protected by work product doctrine not be

produced in response to a Rule 17(c) subpoena).

Moreover, many of the documents that the United States seeks are protected

from disclosure by the law enforcement privilege that the Sixth Circuit recognizes

protects against disclosure of government documents.  *United States v. Pirosko*, 787 F.3d 358, 365 (6th Cir. 2015).  These CARB documents are protected from disclosure because the government has a strong interest in keeping "data under wraps so that would-be criminals cannot thwart future government operations." *United States v. Harney*, 934 F.3d 502, 508 (6th Cir. 2019); *United States v. Collard*, 849 F. App'x 523, 529–30 (6th Cir. 2021) (rejecting argument that government must disclose "source code" given government's interest in keeping the generic components of the technique secret); *United States v. Jones*, No. 18-3743, 2019 WL 3764628, at *3 (6th Cir. June 27, 2019) (prohibiting production of government "code" documents to which "law enforcement privilege" applied given that their "[d]isclosure would hamper future investigations and allow individuals to develop countermeasures to" that code).  Courts quash subpoenas of documents subject to this privilege to protect against the inherent harms arising from the disclosure of law enforcement techniques and procedures and other confidential information whose disclosure "could hinder other enforcement actions."  *Lang*, 766 F. Supp. 389 at 404 (quashing Rule 17(c) subpoena seeking government documents subject to law enforcement privilege).

Here, the privilege log that CARB previously provided to the United States identifies documents as protected from disclosure by the attorney-client privilege or work-product doctrine, or both in many instances.  Decl. of Allan Ono, Ex. 1.

16

In addition, the privilege log identifies documents that CARB withheld because they contain "special cycle" information.  *See id.*  As explained in CARB's cover letter to the United States when it transmitted the privilege log:

> These special cycles are used to investigate the various companies' suspicious vehicles.  Disclosure of special cycle information would allow manufacturers to design their vehicles around CARB's special cycles like they are currently illegally designing around standard federal test cycles.  Such a disclosure would undermine CARB's certification program which ensures all vehicles meet federal and state emissions regulations.

Decl. of Allan Ono, Ex. 3.

Given CARB's assertion of the privileges discussed above, the United States bears a heavy burden to establish that it is nevertheless entitled to CARB's documents.  The United States has not attempted to, and cannot, meet its burden.

## III.  THE SUBPOENA SEEKS MATERIAL THAT ANOTHER DISTRICT COURT HAS ORDERED CARB NOT TO PRODUCE.

On March 8, 2018, the Honorable Edward M. Chen, United States District Court Judge for the Northern District of California issued Pretrial Order No. 18 in *In re: Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, And Products Liability Litigation*, Case No. 3:17-md-02777-EMC, which prohibits the parties to that litigation, including CARB, from disclosing certain documents to non-parties.  Decl. of Allan Ono, Ex. 4.  The Order does not contain any exception for disclosure of protected documents pursuant to legal process.  *Id.*; *cf. Marine Midland Realty Credit Corp. v. LLMD of Michigan, Inc.*, 821 F. Supp. 370, 371,

373 (E.D. Pa. 1993) (permitting disclosure pursuant to terms of agreement that specified confidentiality "*except as required by law or by judicial or administrative process or regulation*"); *Kalinauskas v. Wong*, 151 F.R.D. 363, 367 (D. Nev.1993) (penalties for disclosure not applicable where agreement permitted court-ordered disclosure); *Reiser v. West Co.*, No. 88–0334, 1988 WL 35916, at *1 (E.D. Pa. Apr. 14, 1988) (refusing to protect information sought where settlement agreement excepted disclosures "*pursuant to legal process*").

The subpoena at issue here expressly commands CARB to produce documents protected by Pretrial Order No. 18.  ECF No. 166-1 (commanding CARB to produce "[a]ll previously logged CARB materials that were withheld in whole or in part on the basis of protective order(s) entered in other proceedings, including in the United States District Court for the Northern District of California[.]").  Thus, CARB simply cannot comply with the United States' subpoena without facing sanctions in the District Court for the Northern District of California.  Decl. of Allan Ono, Ex. 4 at 4:18 ("Any person found to be in violation of this Order will be subject to imposition of sanctions.").  Approximately 12% of the documents on CARB's privilege log are subject to this protective order.

The solution to the Hobson's choice that the subpoena has created for CARB is simple.  The United States can seek to modify the protective order to allow CARB to produce documents pursuant to this Court's Rule 17(c) subpoena.

Indeed, the Sixth Circuit endorses this approach. *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987); *Haworth, Inc. v. Steelcase, Inc.*, No. 4:85 CV 526, 1992 WL 457284, at *3 (W.D. Mich. Aug. 11, 1992) ("A motion for permissive intervention is a proper method by which to challenge a protective order for discovery purposes."). Other Circuits endorse this approach as well. *See*, *e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003) ("Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted.")

## IV.   THE UNITED STATES LACKS GOOD CAUSE TO MOVE FOR A SUBPOENA.

As discussed above, this Court should quash or modify the subpoena because it fails to comply with Rule 17(c) and improperly seeks disclosure of privileged and court-protected documents. But, on an even more basic level, the Court should quash the subpoena because it is wholly unnecessary.

The United States admits that it seeks these documents solely to "process the CARB materials for production to the Defendant." ECF No. 166, p. 4. But this Court's September 12, 2022 Order (ECF No. 162) states that the United States can satisfy its discovery obligations to Defendant by "provid[ing] [Defendant] with

either the more detailed CARB privilege log he has requested [ ] or, for any underlying document for which a privilege is no longer being asserted, an unredacted copy of the document itself." ECF No. 162, p. 13. CARB is willing to provide a more detailed privilege log and is also willing to voluntarily produce any underlying document for which a privilege is no longer being asserted. Accordingly, the basic premise upon which the United States based its Motion for a Rule 17(c) subpoena—that "[t]he requested subpoena will facilitate the United States' compliance with its discovery obligations under the Court's September 12, 2022 Amended Order" (ECF No. 166, p. 1)—in fact is incorrect.

## CONCLUSION

For all of the foregoing reasons, CARB respectfully requests that the Court grant it relief from the Rule 17(c) Subpoena in a manner that is just and equitable.

Dated:  October 22, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California

/s/ *Dylan K. Johnson*
DYLAN K. JOHNSON
Deputy Attorney General
CA SBN 280858
600 West Broadway
San Diego, California  92101
(619) 738-9335
Dylan.Johnson@doj.ca.gov

*Attorneys for California Air Resources Board*

20

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 2:19-cr-20626-NGE-DRG** |
| **Plaintiff,** | **Honorable Nancy G. Edmunds** |
| **v.** | **United States District Court Judge** |
| **EMANUELE PALMA,** | **Honorable David R. Grand** |
| **Defendant.** | **United States Magistrate Judge** |

## <u>DECLARATION OF ALLAN S. ONO</u>

I, Allan S. Ono, declare:

1.  I am an attorney licensed to practice law in California and admitted to all Federal Courts in California.  I am a Deputy Attorney General with the California Department of Justice, Office of the Attorney General, and represent the California Air Resources Board (CARB) in this matter.  I have personal knowledge of the facts stated herein, unless stated on information and belief, and if called upon to testify to those facts I could and would competently do so. I offer this declaration in support of non-party CARB's concurrently filed Motion to Quash Rule 17(c) Subpoena *duces tecum* Returnable Before Trial.

1

2.  Attached hereto as Exhibit 1 is a true and correct copy of the March 29, 2022, CARB privilege log for documents either produced with redaction or withheld, in connection with CARB's voluntary production of documents to counsel in this case for the U.S. Department of Justice, Criminal Division, Fraud Section.

3.   Attached hereto as Exhibit 2 is a true and correct copy of the United States' brief filed in support of its own Motion to Quash Subpoena Duces Tecum Returnable Before Trial in U.S. v. YU QIN, ET AL., Case No. 2:11-mc-50306-MOB-RSW. [ECF No. 2]

4.  Attached hereto as Exhibit 3 is a true and correct copy of the March 29, 2022, letter from Ellen M. Peter, CARB Chief Counsel, to counsel in this case for the U.S. Department of Justice, Criminal Division, Fraud Section.

5.  Attached hereto as Exhibit 4 is a true and correct copy of the March 8, 2018 Pretrial Order entered in *In re Chrysler-Dodge-Jeep Ecodiesel Marketing Sales Practices And Products Liability Litigation*, United States District Court for the Northern District of California, San Francisco Division, Case No. 3:17-md-02777-EMC.  [ECF No. 288]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 21, 2022, in Los Angeles, California.

/s/ *Allan S. Ono*
ALLAN S. ONO

LA2022602577

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 22, 2022, I will serve a copy of the

foregoing upon all counsel of record via the court's electronic CM/ECF system.


<u>/s/ *Dylan K. Johnson*</u>
Dylan K. Johnson
Deputy Attorney General