UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

D-1 EMANUELE PALMA,

                    Defendant.

_____/

Case No. 22-mc-51603

Underlying Criminal Case
No. 19-20626

Nancy G. Edmonds
United States District Judge

David R. Grand
United States Magistrate Judge

**ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY
CALIFORNIA AIR RESOURCES BOARD'S MOTION TO QUASH RULE 17(c)
SUBPOENA DUCES TECUM RETURNABLE BEFORE TRIAL  (ECF No. 1)**

**Background**

The instant miscellaneous action is related to Criminal Case No. 19-20626 (the

"Criminal Case"), in which defendant Emanuele Palma ("Palma") has been indicted on

charges that he: (1) violated the Clean Air Act, 42 U.S.C. § 7413; (2) made false statements

to a federal agency, in violation of 18 U.S.C. § 1001; (3) committed wire fraud, in violation

of 18 U.S.C. § 1343; and (4) conspired to defraud the United States, violate the Clean Air

Act, and commit wire fraud, in violation of 18 U.S.C. § 371.  (Criminal Case, ECF No. 1).

The charges arise out of Palma's alleged role in a scheme to mislead the Environmental

Protection Agency ("EPA"), the California Air Resources Board ("CARB"), and others

"by making and causing others to make false and misleading representations about (a) the

design, calibration, and function of the emissions control system used on [certain vehicles

manufactured by his then-employer, Fiat Chrysler Automobiles N.V. ("FCA")], and (b) the

emissions of pollutants from [those vehicles]." (*Id.*, PageID.11). In short, in the Criminal Case the government alleges that Palma fraudulently calibrated the emissions control systems on certain FCA diesel vehicles to produce lower nitrogen oxide ("NOx") emissions under conditions when the vehicles would be undergoing federal certification testing, and higher NOx emissions when the vehicles were driven by consumers in the real world. Palma is also alleged to have made numerous misrepresentations related to the unlawful scheme.[1]

In an opinion issued in the Criminal Case on November 17, 2020, the Honorable Nancy G. Edmunds found that a number of state and federal civil agencies (the "Investigative Agencies"), *including CARB*, were "involved in the investigation and provided detailed information regarding the facts and allegations that led to the indictment in this case." (*Id.*, ECF No. 58, PageID.1562, 1564, 1566).[2] Judge Edmunds held that "the government's discovery obligations [in the Criminal Case] extend to [the named] civil agencies that were involved ***in the investigation*** of [Palma]," *including CARB*. (*Id.*, PageID.1564) (emphasis added). Consequently, Judge Edmunds ordered *the United States* (as opposed to CARB or the other Investigative Agencies) "to determine whether these [Investigative A]gencies have any additional materials that fall within the scope of *Brady* and Rule 16" and "to produce any [such materials]" to Palma. (*Id.*, PageID.1566, 1569).

---

[1] A superseding indictment has been filed, adding two co-conspirator defendants. (*Id.*, ECF No. 64).

[2] The Court notes that Judge Edmunds found there was "no evidence that personnel from the named civil agencies participated in the decision to charge [Palma]." (*Id.*, PageID.1566). Thus, CARB can be considered part of the investigation team, but not the prosecution team.

In other words, although the relevant documents were in the possession of the Investigative Agencies, Judge Edmunds' order **obligated the United States**, and thus the prosecutors in the Criminal Case, "to determine" whether discoverable materials exist and "to produce" them to Palma.  (*Id.*).

When, by April 5, 2022, the United States had still not fully complied with Judge Edmunds' order, Palma filed a motion for Rule 16 and *Brady* material, *i.e.*, the same documents Judge Edmunds had ordered the government to obtain from the Investigative Agencies, review, and produce to Palma.  (ECF No. 116).  On September 7, 2022, the Court held oral argument on that motion and entered an order (the "September 12 Order") which granted that motion in part.  (ECF No 162).  One aspect of the September 12 Order required the United States "to produce the documents that appear on the federal agencies' Privilege Logs . . .  subject to the Rule 502(d) order [that had been recently entered], within 30 days." (*Id.*, PageID.8230).  As relevant here, however, the Court explained:

> The issue is more complicated with respect to CARB's documents because, although Judge Edmunds ordered the government "to determine" whether that particular state agency (as part of the group of Investigative Agencies referenced in the Discovery Order) possessed Rule 16 and Brady material and "to produce" any such materials to Palma, the federal government does not control CARB.  While the Court is sensitive to the challenges this creates for the government, it is fundamentally unfair to permit it to prosecute Palma using documents provided to it by CARB, but then not provide Palma all of CARB's discoverable documents, or at least an adequate and proper privilege log for the documents CARB has withheld and/or redacted.  Having considered all of the foregoing, and the fact that, by stipulation of the parties, Palma's trial date is not presently set because other aspects of the case are on appeal (ECF Nos. 108, 109), **within 60 days** the government shall provide Palma with either the more detailed CARB privilege log he has requested, [], or, for any underlying document for which a privilege is no longer being asserted, an unredacted copy of the

3

document itself.

(*Id.*, PageID.8230-31) (emphasis in original).

Following entry of the September 12 Order, the United States apparently attempted to reach an agreement with CARB that would allow the United States to receive and review CARB's documents for which CARB was asserting a privilege, and then produce to Palma those documents containing discoverable information. When those efforts failed to produce an agreement, the United States served CARB with a subpoena *duces tecum* pursuant to Fed. R. Crim. P. 17(c) that sought the following categories of documents:

> a. Unredacted copies of all previously logged CARB materials produced by CARB to the United States on October 11, 2022;
>
> b. All previously logged CARB materials that were obtained pursuant to authority provided in California Government Code section 11180 et seq.;
>
> c. All previously logged CARB materials that were withheld in whole or in part on the basis of protective order(s) entered in other proceedings, including in the United States District Court for the Northern District of California; and
>
> d. Any other category of previously logged CARB materials.

(*Id.*, ECF No. 166-1) (the "Subpoena").

On October 22, 2022, CARB commenced the instant miscellaneous action by filing a motion to quash the United States' Subpoena. (ECF No. 1). The United States and Palma filed separate responses to CARB's motion, and CARB filed a reply. (ECF Nos. 4, 5, 6). The motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A), and the Court held oral argument on November 29, 2022. (ECF No. 2). For the detailed reasons stated on the record, **IT IS ORDERED** that CARB's

motion to quash is **GRANTED IN PART AND DENIED IN PART** as follows:

- **CARB Privilege Log Documents Subject to Protective Order in N.D. Cal. Civil Action.** The Department of Justice Environment and Natural Resources Division Environmental Enforcement Section is a party in the Northern District of California civil case, *In Re. Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, and Products Liability Litigation*, Case No. 3:17-02777, assigned to the Honorable Edward M. Chen. By **Friday, December 2, 2022**, the United States shall file a motion in that case to amend the protective order (ECF No. 1-5) such that any documents subject thereto that constitute Rule 16 or *Brady* material in the Criminal Case may be produced to Palma. Provided the protective order is so modified, within **14 days** after Judge Chen's resolution of the United States' motion, the United States shall produce any such materials to Palma. At the hearing, CARB and the United States indicated a willingness to meet and confer by December 2, 2022, to attempt to resolve this issue; if they resolve the issue by that date, the United States need not file the motion to amend described above. Accordingly, by **December 2, 2022**, the United States shall file a Notice in this case advising whether it has filed the motion to amend or resolved the issue by agreement with CARB.

- **Other CARB Privilege Log Documents.** With respect to CARB's documents that are not subject to the protective order in the Northern District of California civil action, CARB shall, by **December 13, 2022**, provide the United States with copies of the documents on its privilege log. The United States shall review those documents as ordered by Judge Edmunds in the Criminal Case, *see supra* at 2-3, and, by **January 9, 2023**, shall produce to Mr. Palma any such documents that contain Rule 16 or *Brady* material. Should CARB wish to be made a party to the Rule 502(d) Order entered in this case, it shall submit an appropriate motion or stipulation to that effect.

    **SO ORDERED.**


Dated: November 30, 2022                    s/David R. Grand
Ann Arbor, Michigan                         DAVID R. GRAND
                                            United States Magistrate Judge


## NOTICE

The parties' attention is drawn to Fed. R. Crim. P. 59(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. § 636(b)(1).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2022.

<u>s/Michael E. Lang</u>
MICHAEL E. LANG
Case Manager